# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEVEN FLORES,

      Plaintiff,

vs.                                                     No. CIV 00-1421 JHG/RLP

TOWN OF HAGERMAN and
POLICE OFFICER CHAD FULTON,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment, filed November 5, 2001 **[Doc. 23]**. Defendants move the Court for summary judgment based on qualified immunity on all counts of Plaintiff's Complaint. Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and will be denied.

### I. Factual Background

On November 19, 1999, Plaintiff Steven Flores was a passenger in his truck; his seventeen year old brother, Ben Flores, was driving. Sylvia Matta and a twelve year old child were also in the truck. On that night, at approximately 10:00 p.m., Police Officer Chad Fulton claims he observed the truck swerve across the center line with both of the driver's side tires. Therefore, Officer Fulton stopped the truck.[1] During the stop, Officer Fulton noticed a strong smell of alcohol. Ben Flores denied drinking. Steven Flores and Sylvia Matta admitted they had been drinking. The officer administered a field sobriety test and a field breath test on Ben Flores. The

---

[1] Plaintiff does not challenge the investigatory stop.

test indicated Ben Flores had been drinking but was not impaired.

At this point, the parties present two versions of the events that followed. Officer Fulton claims Ben Flores admitted he had consumed a couple of beers and had been drinking with Steven Flores and Sylvia Matta. Deputy Dorman with the Chaves County Sheriff's office and Officer Fulton's backup, then questioned Sylvia Matta about the individual sitting on the floor area of the truck. Deputy Dorman directed Steven Flores and Sylvia Matta to step out of the truck and saw a twelve year old sitting on the floor. According to Deputy Dorman, Ben Flores denied there were any open containers of alcohol in the truck and consented to having Deputy Dorman search the truck. When Deputy Dorman began his search, Steven Flores directed Deputy Dorman not to search the truck because he had no search warrant. At this point, Defendants claim Steven Flores "exhibited hostility and was verbally aggressive." Officer Fulton then ordered Steven Flores to turn around and place his hands on the truck and told him he was under arrest. Officer Fulton claims Steven Flores refused to put his hands on the truck and, therefore, he had to order him a second time to turn around and place his hands on the truck. Steven Flores did not comply. Officer Fulton then advised Steven Flores to comply or he would physically place Steven Flores' hands on the truck. Steven Flores then complied. Officer Fulton claims he "firmly handcuffed" Steven Flores because of his "admitted alcohol consumption," his "verbal aggressiveness," and his refusal to be handcuffed. Defendant Fulton also contends he used no more force than he felt was reasonably necessary. Because two open containers of beer were found in the truck, the officers arrested Steven Flores and Sylvia Matta. Officer Fulton arrested Steven Flores for "unlawful assistance to a minor and possession of an open container of alcohol in a vehicle."

On the other hand, Plaintiff contends Ben Flores never told Officer Fulton that he had been drinking with him and Sylvia Matta. Plaintiff claims Ben Flores told Officer Fulton that his father

2

had given him the beer at his house. Plaintiff also claims the officers knew he was the owner of the truck because Ben Flores had provided them with the registration, and he made it clear he did not consent to the search. According to Plaintiff, as soon as he protested the search, Officer Fulton immediately arrested him. Officer Fulton grabbed his arm, jerked his arm hard behind his back and wrenched it toward his shoulder. Officer Fulton never instructed Plaintiff to comply. Plaintiff felt an immediate pop in his shoulder and felt immediate pain. Prior to Plaintiff's protest of the search, Officer Fulton did not indicate he would arrest Plaintiff. Plaintiff contends Officer Fulton arrested him prior to finding any open containers in the truck. Plaintiff claims Officer Fulton arrested him in retaliation for exercising his First Amendment rights. Plaintiff contends he suffered serious damage to his right shoulder.

## II.  Summary Judgment Standard

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . ." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *Universal Money Ctrs., Inc. v. American Tel. &Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289

(1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Ctrs., Inc.*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Ctrs., Inc.,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III. Discussion

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, alleging Defendant Fulton subjected him to excessive force and was arrested and prosecuted without probable cause in violation of the First and Fourth Amendment. Plaintiff also alleges state law claims for battery, false imprisonment and malicious abuse of process under the New Mexico Tort Claims Act.

### A. Qualified Immunity

Defendants have raised the affirmative defense of qualified immunity which protects governmental officials from damages in civil rights actions. Qualified immunity protects "all but

the plainly incompetent or those who knowingly violate the law." *Gross v. Pirtle,* 245 F.3d 1151, 1155 (10th Cir. 2001). Moreover, the protection of qualified immunity gives officials "a right not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)(quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)).

Once a defendant raises the defense of qualified immunity, the plaintiff initially bears a heavy two-part burden. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995). The plaintiff must first demonstrate that the defendant's actions violated a constitutional or statutory right and then must show that the constitutional or statutory rights the defendant violated were clearly established at the time of the conduct at issue. *Id.* In determining whether the right was clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The action alleged to have violated a right does not have to have previously been held unlawful, however, "in light of pre-existing law the unlawfulness must be apparent." *Id.* "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). Thus, to avoid summary judgment on qualified immunity grounds, a plaintiff must "'present facts which if true would constitute a violation of clearly established law.'" *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 646 (10th Cir. 1988)(quoting *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987)).

If the plaintiff fails to carry either part of his two-part burden, the Court must grant the defendant qualified immunity. *Albright*, 51 F.3d at 1535. "Only if the plaintiff succeeds in

carrying his two-part burden, does the burden shift to the defendant. At that point, the defendant must show 'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Id.* (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 779 (10th Cir. 1993)).

**B.  Arrest Without Probable Cause**

Plaintiff contends Officer Fulton arrested him without probable cause and in retaliation for exercising his First Amendment right to protest the search of his truck. As an initial matter, the Court must determine whether Plaintiff has alleged facts showing a constitutional violation. The Court analyzes the constitutionality of a warrantless arrest under the probable cause standard. *Romano v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. *Id.* "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonable trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Id.* (quoting *Jones v. City and County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988)). "When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff." *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter*, 502 U.S. at 227 (quoting *Anderson*, 438 U.S. at 641).

Officer Fulton arrested Plaintiff for "assistance of a minor and open container." Under New Mexico law, these offenses are misdemeanors. *See*, N.M.Stat.Ann. § 60-7B-1A(4) & F( it is a misdemeanor to assist a minor to buy, procure or be served with alcoholic beverages and is

6

punishable by a fine and community service); N.M.Stat.Ann. § 66-8-138 (it is a misdemeanor to keep in a motor vehicle upon any public highway any bottle, can or receptacle containing any alcoholic beverage which has been opened); N.M.Stat.Ann. § 66-8-116 (penalty assessment for open container first offense is $25.00). Moreover, it is not illegal for a parent or guardian of a minor to serve alcoholic beverages to that minor on real property under the control of the parent or legal guardian. *See* N.M.Stat.Ann. § 60-7B-1B.

Although N.M.Stat.Ann. § 66-8-125 of the New Mexico Motor Vehicle Code authorizes warrantless arrests in some instance, this authorization is circumscribed by the Fourth Amendment. *Howard v. Dickerson*, 34 F.3d 978, 982 (10th Cir. 1994). Additionally, in New Mexico a police officer may make a warrantless arrest for a misdemeanor offense if the misdemeanor is committed in the officer's presence. *See State v. Lyon,* 103 N.M. 305, 308 (1985). And, under N.M.Stat.Ann. § 3-13-2A(4)(d), a police officer has authority to "apprehend any person **in the act of violating** the laws of the state or the ordinances of the municipality and bring him before competent authority for examination and trial." However, §3-13-2A(4)(d) specifically requires the violation of the ordinance to be committed in the presence of the officer. Finally, the First Amendment "protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. 451, 461 (1987).

Construing the facts in the light most favorable to Plaintiff, Plaintiff alleges a constitutional violation of his First and Fourth Amendment rights, and Officer Fulton is not entitled to qualified immunity. Plaintiff alleges that at the time of his arrest, Officer Fulton had performed field sobriety tests on Ben Flores and Ben had passed them. Officer Fulton had been informed by Ben that his father had given him the beer at his home. Even if Officer Fulton questioned the veracity of Ben's statement, he did not witness who served Ben the alcohol and, thus, no misdemeanor was

committed in his presence. At this point, Officer Fulton decided to search Plaintiff's truck and Plaintiff protested. Officer Fulton then arrested Plaintiff. Plaintiff claims the arrest came before the discovery of the open containers, and before Officer Fulton was aware of any other possible violations which Defendants raise in their motion, i.e. seat belt violation, contributing to the delinquency of a minor, etc., and asserts the arrest was in retaliation for protesting the search of his truck. Because material issues of fact exist, the Court will deny Defendant's motion for summary judgment of Plaintiff's Fourth Amendment claims.[2]

**C. Excessive Force Claim**

Plaintiff also contends Officer Fulton used excessive force during the course of his arrest. In *Graham v. Conner*, 490 U.S. 386, 396-97 (1989), the Supreme Court held that claims of excessive force in the course of an arrest should be analyzed under the Fourth Amendment reasonableness standard. In order to meet his burden of proving excessive force, Plaintiff must demonstrate that Officer Fulton's use of force was not "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Id.* at 397. The Supreme Court in *Graham* set out three criteria relevant to an excessive force inquiry: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Id.* at 396. As to reasonableness, the Court inquires from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and we consider " the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving– about the amount of

---

[2] Plaintiff's claim for malicious prosecution under the Fourth Amendment also survives. *See*, *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996).

force that is necessary in a particular situation." *Id.* at 396-97; *see also Dixon v. Richer*, 922 F.2d 1456, 1462 (10th Cir. 1991).

This reasonableness inquiry is independent and separate from the qualified immunity analysis. The qualified immunity analysis inquires into whether the officer's belief in the state of the law was reasonable, whereas, the *Graham* constitutional violation analysis focuses on the reasonableness of the official's actions. *Saucier v. Katz*, 533 U.S.194, 206 (2001).

Construing the facts in the light most favorable to Plaintiff, Plaintiff has alleged a constitutional violation. In this case, the crime was not the type of crime envisioned by the *Graham* court. Moreover, there are genuine issues of material fact as to the remaining two criteria set forth in *Graham*. Under Plaintiff's version of the facts, he did not pose an immediate threat to the safety of the officers and he denies resisting arrest. In fact, Plaintiff claims he was never advised that he was being arrested and instead was abruptly and violently handcuffed when he protested the search of his truck. Accordingly, the Defendants are not entitled to qualified immunity and, because genuine issues of material fact exist, the Court will deny Defendants' motion for summary judgment as to this claim.

Because Defendants are not entitled to qualified immunity on the Plaintiff's Fourth Amendment claims of arrest and prosecution without probable cause and excessive force, the Court also will deny Defendants' summary judgment on Plaintiff's state claims.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, filed

November 5, 2001, is denied.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**